1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                       DISTRICT OF OREGON

9                       PORTLAND DIVISION

10

11

12  COLUMBIA SPORTSWEAR COMPANY,              No. 3:13-cv-00148-HU
    an Oregon corporation,
13                                                   **FINDINGS AND**
             Plaintiff,                          **RECOMMENDATION**
14
          v.
15
    TALIA HURST, an individual,
16
             Defendant.
17  _____

18

19                           COUNSEL

20  Keith A. Ketterling and Joshua L. Ross, Stoll Stoll Berne Lokting
    & Shlachter P.C., Portland, Oregon, for Plaintiff Columbia
21  Sportswear Company.

22  James G. Snell and John A. Polito, Bingham McCutchen LLP, Palo
    Alto, California, for Plaintiff Columbia Sportswear Company.
23

24  Steven O. Rosen and Elizabeth M. Ferrarini, The Rosen Law Firm,
    Portland, Oregon, for Defendant Talia Hurst.
25

26  Scott J. Ferrell, Richard H. Hikida, David W. Reid and Victoria C.
    Knowles, Newport Trial Group, P.C., Newport Beach, California, for
27  Defendant Talia Hurst.

28

    Page 1 - FINDINGS AND RECOMMENDATION

1  HUBEL, Magistrate Judge:

2      This declaratory judgment action was filed on January 28,
3  2013. On March 18, 2013, Defendant Talia Hurst ("Defendant") moved
4  to strike Plaintiff Columbia Sportswear Company's ("Plaintiff")
5  complaint pursuant to California's anti-SLAPP statute, CAL. CIV.
6  PROC. CODE § 425.16, and to transfer venue to the Central District
7  of California.  On March 21, 2013, Plaintiff filed a motion to
8  extend its response deadlines and to bifurcate the anti-SLAPP
9  proceedings based, in large part, on Plaintiff's desire to proceed
10  in the most cost-effective manner.  The Court granted Plaintiff's
11  motion to bifurcate on April 17, 2013.  Less than a month later, on
12  May 9, 2013, the Court entered a minute order asking the parties to
13  submit supplemental briefing on the issue of subject matter
14  jurisdiction.  Three days later, Plaintiff voluntarily dismissed
15  the case without prejudice pursuant to Federal Rule of Civil
16  Procedure ("Rule") 41(a)(1)(A)(i), "[i]n light of the issues raised
17  by the Court."  Defendant never objected to the fact that the
18  dismissal was without prejudice.  Defendant now moves for an award
19  of attorney's fees and costs in the amount of $146,000, arguing
20  that she is the prevailing defendant on a special motion to strike
21  under California Civil Procedure Code § 425.16(c).

## The Court's Inherent Supervisory Power

23      Plaintiff argues that its Rule 41(a)(1)(A)(i) dismissal
24  terminated this case and this Court's jurisdiction.  Defendant
25  claims that "none of the cases cited by Plaintiff in its opposition
26  brief stand for the proposition that a federal district court is
27  deprived of the power to decide a collateral issue such as a motion
28  for attorney's fee, costs, and/or sanctions." (Def.'s Reply at 3.)

Page 2 - FINDINGS AND RECOMMENDATION

1    Supreme Court precedent supports Defendant's contention that
2  the Court can still rule on the availability of attorney's fees in
3  this proceeding. *See Cooter & Gell v. Hartmarx*, 496 U.S. 384, 395
4  (1990) (recognizing that "federal court[s] may consider collateral
5  issues after an action is no longer pending," including "motions
6  for costs or attorney's fees.")  The Eighth Circuit cited *Cooter &*
7  *Gell* for the exact same proposition in rejecting an appellant's
8  argument that the district court was without jurisdiction to take
9  any action once it filed a Rule 41(a)(1)(i) notice of dismissal.
10 *See Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001) ("As
11 to the jurisdictional argument, a voluntary dismissal without
12 prejudice under Rule 41(a)(1)(i) does not deprive a District Court
13 of its authority to award costs [or attorney's fees, for that
14 matter].")
15    Indeed, in *Valley Disposal, Inc. v. Central Vermont Solid*
16 *Waste Management District*, 71 F.3d 1053 (2d Cir. 1995), the
17 defendant appealed the district court's award of attorney's fees
18 under a prevailing party fee-shifting statute, 42 U.S.C. § 1988,
19 after the case was dismissed pursuant to Rule 41(a)(2). *Id.* at
20 1055. On appeal, the defendant "argue[d] that after dismissing the
21 complaint, the district court lacked subject matter jurisdiction to
22 consider any further motions——including those for attorneys' fees."
23 *Id.* In supports of its position, the defendant relied primarily on
24 *Santiago v. Victim Services Agency*, 753 F.2d 219 (2d Cir. 1985),
25 where the Second Circuit overtured a district court's award of fees
26 under § 1988 after the plaintiff had voluntarily dismissed his
27 action pursuant to Rule 41(a)(1). *Id.* The *Valley Disposal* court
28 determined that the defendant's reliance on *Santiago* was misplaced

Page 3 - FINDINGS AND RECOMMENDATION

because *Santiago* had effectively been overruled by *Cooter & Gell*. *Id.* The fact that *Cooter & Gell* involved only Rule 11 sanctions (as opposed to statutory attorney's fees in a case that had been voluntarily dismissed) was of no import to the *Valley Disposal* court because *Cooter & Gell's* cental holding was "intimately linked" to its statement that "motions for attorney's fees raise collateral issues that may be made after the principal suit has been terminated." *Id.* at 1056 (internal quotation marks omitted).

The Ninth Circuit recognized this, albeit in dicta, in *United States v. Real Property Located at 475 Marin Lane, Beverly Hills, CA*, 545 F.3d 1134 (9th Cir. 2008), where the court noted that two sister circuit cases were not particularly persuasive because they had relied on *Cooter & Gell,* which only held that, "following a voluntary dismissal, courts retain the authority to resolve collateral issues——issues that do not involve a judgment on the merits of an action, such as attorney fees or sanctions." *Id.* at 1145 n.6 (internal quotation marks omitted).[1] So has a district court in this circuit:

> [Plaintiff]'s voluntary dismissal did not terminate jurisdiction over the motion for attorney's fees. It is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits by a Rule 41 dismissal. Thus, a decision regarding the imposition of attorney's fees . . . may be made after the principal suit has been terminated under Rule 41(a)(1).

---

[1] *See also Samho Co. Ltd. v. Sorks-Iturup*, 254 F. App'x 569, 570 (9th Cir. 2007) ("With the filing of the notice [of dismissal under Rule 41(a)(1)], the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them, aside from orders pertaining to a limited number of collateral issues such as criminal contempt charges, costs, attorney's fees, and Rule 11 sanctions.") (internal citation and quotation marks omitted).

Page 4 - FINDINGS AND RECOMMENDATION

. . . While it is true that th[e] cases [relied upon] involved different statutes than those presently at issue, neither case held that the disputed fee and sanction requests were collateral because of the text and purpose of 28 U.S.C. § 1447(c) or Rule 11. Rather, both generally explained that attorney fees and sanctions are by nature collateral to the merits and therefore properly within a district court's jurisdiction even after a dismissal under Rule 41(a).

. . . .

[Accordingly], [Plaintiff]'s voluntarily dismissal under Federal Rule of Civil Procedure 41(a) does not divest the court of jurisdiction to determine whether attorney's fees should be awarded.

*Bldg. Innovation Indus., L.L.C. v. Onken*, 473 F. Supp. 2d 978, 983-84 (D. Ariz. 2007) (internal citation and quotation marks omitted; brackets deleted).

Consistent with the cases cited above, the Court concludes that Plaintiff's voluntarily dismissal under Rule 41(a)(1)(A)(i) did not divest the Court of jurisdiction to determine whether attorney's fees——a collateral issue separate and apart from a disposition on the merits of the action——should be awarded to Defendant.

### Prevailing Party Fees

In *Northon v. Rule*, 637 F.3d 937 (9th Cir. 2011), the Ninth Circuit addressed the "potentially open question of law as to whether a fee award pursuant to a state anti-SLAPP law is governed by state or federal law." *Id.* at 938. The *Northon* court concluded that state law awarding attorney's fees, such as anti-SLAPP statutes, "are generally considered to be substantive laws under the *Erie* doctrine and apply to actions pending in federal district court when the fee award is 'connected to the substance of the case.'" *Id.* (citing *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir.

Page 5 - FINDINGS AND RECOMMENDATION

1992)).  For example, in *United States ex rel. Newsham v. Lockheed*
*Missiles & Space Co., Inc.*, 190 F.3d 963 (9th Cir. 1999), the Ninth
Circuit "held that a special motion to strike and the attorneys'
fee provision in California's anti-SLAPP statute, which allows a
prevailing defendant on a motion to strike to recover attorneys'
fees and costs, protect substantive rights and apply in federal
court." *Northon*, 637 F.3d at 938-39 (citing *Newsham*, 190 F.3d at
972-73)).

Although *Newsham's* holding has been called into question by a
recent decision of the Ninth Circuit, it remains good law. *See*
*Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 272-73 (9th Cir. 2013)
(Kozinski, C.J., concurring) ("I join Judge Wardlaw's fine opinion
because it faithfully applies our law, as announced in *Newsham* and
its progeny.  But I believe *Newsham* is wrong and should be
reconsidered. . . . *Newsham's* mistake was that it engaged in
conflict analysis without first determining whether the state rule
is, in fact, substantive.")

While both parties agree that state law applies in this case,
they disagree as to whether California or Oregon's anti-SLAPP
statue should control.  As described *infra*, resolving this conflict
is unnecessary because the Court's recommendation would be the same
under either statute: Defendant's fee petition should be denied.
California Civil Procedure Code § 425.16(c) provides that, "a
prevailing defendant on a special motion to strike shall be
entitled to recover his or her attorney's fees and costs." Cal.
Civ. Proc. Code § 425.16(c)(1). Oregon's anti-SLAPP statute contains
a nearly identical provision: "A defendant who prevails on a
special motion to strike made under [Oregon's anti-SLAPP statute]

Page 6 - FINDINGS AND RECOMMENDATION

1  shall be awarded reasonable attorney fees and costs." OR. REV.
2  STAT. § 31.152(3).

3      Oregon's anti-SLAPP statute was modeled after, but is not a
4  mirror image of, California's anti-SLAPP statute. *Englert v.*
5  *MacDonnell*, 551 F.3d 1099, 1101 (9th Cir. 2009). Defendant
6  concedes that "both California law and Oregon law have effectively
7  identical fee-shifting provisions allowing the prevailing defendant
8  to be awarded reasonable attorney fees upon prevailing on a special
9  motion to strike," (Def.'s Reply at 9-10), which is why "the Court
10 can and should consider how California courts have interpreted
11 California's anti-SLAPP statute in analyzing Oregon's statute to
12 the extent that the Court applies Oregon law instead of California
13 law." (Def.'s Reply at 13.)

14     Given the similarities between the two fee provisions and the
15 peculiar posture of this case, the Court agrees that the most
16 analogous decision from California or Oregon should guide its
17 disposition of the instant motion. That case is *Clear Channel*
18 *Outdoor, Inc. v. Lee*, No. C 08-2955 PJH, 2009 WL 57110 (N.D. Cal.
19 Jan. 8, 2009). In *Clear Channel*, the defendant filed a motion to
20 dismiss, arguing, among other things, that the plaintiff's claims
21 were barred by California's anti-SLAPP statute. *Id.* at *1. At the
22 hearing, District Judge Phyllis Hamilton required the plaintiff's
23 counsel to make a showing, in writing, establishing that the court
24 had subject matter jurisdiction. *Id.* Two weeks later, the
25 plaintiff filed a notice of voluntarily dismissal of the entire
26 action, without prejudice, pursuant to Rule 41(a)(1)(A)(i). *Id.*
27 Soon thereafter, the defendant filed a motion for attorney's fees
28 under California Civil Procedure Code § 425.16(c), arguing that it

Page 7 - FINDINGS AND RECOMMENDATION

1  was the prevailing defendant on a special motion to strike.  *Id.*

2  Judge Hamilton denied the defendant's motion for fees, stating:

3      The court finds that [the defendant] is not a
       prevailing defendant in an anti-SLAPP suit.  While a
4      defendant might be entitled to attorney's fees following
       a voluntary dismissal by the plaintiff in certain cases,
5      the 'critical issue' in determining whether the defendant
       is entitled to attorney's fees following a voluntary
6      dismissal is 'which party realized its objectives in the
       litigation.'  The court should not consider the defendant
7      to be 'prevailing' if the plaintiff dismissed the
       complaint because of reasons unrelated to its probability
8      of success on the merits.

9      Here, the court issued no ruling regarding the
       merits of [the defendant's] motion to dismiss or
10     regarding the anti-SLAPP claim, and did not even address
       the merits of the anti-SLAPP issue at the hearing. [The
11     plaintiff] dismissed the action because of the court's
       stated intention to stay the case pending resolution of
12     the state court writ action, and also possibly because of
       the court's stated intention to dismiss the case the case
13     in the absence of some showing by [the plaintiff] of the
       existence of an amount in controversy exceeding $75,000.
14     The court finds that under these circumstances, [the
       defendant] is not entitled to a presumption that he is
15     the prevailing defendant for purposes of the anti-SLAPP
       statute.
16

17      Moreover, while [the plaintiff] voluntarily
       dismissed the complaint, [the defendant] never objected
18     to the fact that the dismissal was without prejudice. Had
       he considered himself the prevailing defendant, he should
19     have attempted to protect himself by requesting that the
       dismissal be with prejudice.

20      Finally, even were [the defendant] correct in
       arguing that he is a prevailing defendant, the court
21     would nonetheless decline to consider the motion for
       attorney's fees because there is no federal subject
22     matter jurisdiction.

23  *Id.* at *2 (quoting *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107

24  (2006)).

25     The similarities between this case and *Clear Channel* are

26  striking and, for much of the same reasons stated in *Clear Channel*,

27  the Court concludes that Defendant is not the prevailing party and

28  thus her motion for attorney's should be denied.  Defendant

Page 8 - FINDINGS AND RECOMMENDATION

1   attempts to distinguish *Clear Channel* by arguing "the court failed
2   to cite any case authority in support of the implicit proposition
3   that it lacked the power to impose any attorney's fees given the
4   lack of subject matter jurisdiction." (Def.'s Supp. Mem. at 17.)
5   Defendant goes on to state "assuming *arguendo* that the district
6   court in *Clear Channel* correctly analyzed its inability to award
7   attorney's fees based upon the lack of subject matter jurisdiction,
8   it is significant that no such ruling was ever made in the instant
9   action."  (Def.'s Supp. Mem. at 19.)

10      A careful reading of the *Clear Channel* opinion, however,
11  indicates that Judge Hamilton intended her analysis of subject
12  matter jurisdiction to be an alternative holding.  Indeed, that
13  holding was predicated upon the assumption that the defendant *was*
14  *correct* in arguing that he was the prevailing defendant.  The *Clear*
15  *Channel* court's primary holding was that the defendant failed to
16  qualify as a prevailing party under California's anti-SLAPP
17  statute.

18      Defendant implores the Court to follow the guidance of the
19  California Court of Appeals' decision in *Coltrain*, a decision
20  relied upon heavily by *Clear Channel*.  In *Coltrain*, the California
21  Court of Appeals rejected the notion that a voluntary dismissal
22  while a special motion to strike is pending should automatically
23  entitle a defendant to attorney's fees because (1) "[a]t that
24  point, there has been no judicial determination that the action is
25  in fact a SLAPP suit," *Coltrain*, 66 Cal. App. 4th at 107, and (2)
26  "regardless of whether the action is a SLAPP suit or not, the
27  plaintiff may have good faith reasons for the dismissal that have
28

Page 9 - FINDINGS AND RECOMMENDATION

1  nothing to do with oppressing the defendant or avoiding liability

2  for attorney's fees." *Id.*  Instead, the *Coltrain* court held

3  > that where the plaintiff voluntarily dismisses an alleged
   > SLAPP suit while a special motion to strike is pending,

4  > *the trial court has discretion to determine whether the*
   > *defendant is the prevailing party* for purposes of

5  > attorney's fees under [California's anti-SLAPP statute].
   > In making that determination, the critical issue is which

6  > party realized its objectives in the litigation.  Since
   > the defendant's goal is to make the plaintiff go away

7  > with its tail between its legs, ordinarily the prevailing
   > party will be the defendant.  The plaintiff, however, may

8  > try to show it actually dismissed because it had
   > substantially achieved its goals through a settlement or

9  > other means, because the defendant was insolvent, or for
   > other reasons unrelated to the probability of success on

10 > the merits.

11 *Id.* (emphasis added).

12     In the Court's view, this is not a case where a SLAPP

13 plaintiff "achieve[d] most of [its] objective with little risk—by

14 filing a SLAPP suit, forcing the defendant to incur the effort and

15 expense of preparing a special motion to strike, then dismissing

16 the action without prejudice." *Id.* at 106.  Nor it is a case where

17 the defendant realized its objective by simply making "the

18 plaintiff go away with its tail between its legs," or where the

19 Court is overly concerned with Defendant's desire "to avoid the

20 expense, time, and effort of protracted litigation that impedes

21 [her] free speech and petition rights." *GA Telesis, LLC v. GKN*

22 *Aerospace, Chem-Tronics, Inc.*, No. 12-CV-1331-IEG, 2013 WL 1147951,

23 at *13 (S.D. Cal. Mar. 19, 2013).  Indeed, Plaintiff filed this

24 declaratory judgment action (seeking, among other things, a

25 declaration as to its potential liability) after it received a

26 letter from Defendant's counsel threatening a $50 million class

27 action lawsuit.  In addition, Plaintiff moved to bifurcate the

28 anti-SLAPP proceedings in order to avoid any potentially

1  unnecessary expense and effort associated with briefing the second

2  step (*i.e.*, in the event plaintiff failed to meet its initial

3  burden).²

4      In summary, the Court recommends denying Defendant's motion

5  for attorney's fees in accordance with the holding in *Clear Channel*

6  and the guidance of *Coltrain*.

## Conclusion

8      For the reasons stated, Defendant's motion (Docket No. 42) for

9  attorney's fees should be denied.

## Scheduling Order

11     The Findings and Recommendation will be referred to a district

12 judge.  Objections, if any, are due **December 9, 2013.**  If no

13 objections are filed, then the Findings and Recommendation will go

14 under advisement on that date.  If objections are filed, then a

15 response is due **December 30, 2013.**  When the response is due or

16 filed, whichever date is earlier, the Findings and Recommendation

17 will go under advisement.

18     Dated this 20th day of November, 2013.

19                          /s/ Dennis J. Hubel

20                          _____
                            DENNIS J. HUBEL
21                          United States Magistrate Judge

22

23

---

24     ² Resolving a defendant's special motion to strike generally
   proceeds in two steps.  *See Gardner v. Martino*, No. CV-05-769-HU,
25 2005 WL 3465349, at *3-4 (D. Or. Sept. 19, 2005)*, aff'd*, 563 F.3d
   981 (9th Cir. 2009) (Oregon law); *Optinrealbig.com, LLC v. Ironport
26 Sys., Inc.*, 2004 WL 1737275 (N.D. Cal. July 28, 2004) (California
   law).  The defendant must first demonstrate that the plaintiff's
27 claims arise from protected speech or conduct.  If defendant meets
   that burden, only then does the burden shift to the plaintiff to
28 establish a probability that it will prevails on its claims.

Page 11 - FINDINGS AND RECOMMENDATION